LOUIS A. LEONE, ESQ. (SBN: 099874)
KATHERINE A. ALBERTS, ESQ. (SBN: 212825)
**STUBBS & LEONE**
A Professional Corporation
2175 N. California Blvd., Suite 900
Walnut Creek, CA  94596
Telephone:     (925) 974-8600
Facsimile:     (925) 974-8601

Attorneys for Defendants
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,
ANN DODSON, AND CONNIE KHANACHET

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. McK., BY AND THROUGH HIS GUARDIAN AD LITEM, K. McK.,<br><br>Plaintiff,<br><br>vs.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, ANN DODSON, and CONNIE KHANACHET, and DOES 1-20,<br><br>Defendants. | Case No.:  C-11-04661 - CW<br><br>[PROPOSED] ORDER GRANTING JOINT STIPULATED REQUEST TO APPROVE SETTLEMENT AND RELEASE OF ALL CLAIMS ON BEHALF OF MINOR |

  Plaintiff G. McK, by and through his guardian ad litem, K McK, and Defendants San Ramon Valley Unified School District, Ann Dodson and Connie Khanachet jointly moved this Court for an order approving the settlement reached by the parties and releasing all claims on behalf of the minor Plaintiff.  The parties made this request through a stipulated motion.

  The Court, having reviewed the Joint Stipulated Request to Approve Settlement and Release of All Claims on Behalf of Minor filed by the parties and the terms of the settlement and having found good cause therein, hereby GRANTS the Joint Stipulated Request and

APPROVES the Settlement and Release of all All Claims on Behalf of Minor for the following reasons:

Plaintiff G. McK. is a special education student who attends school in the San Ramon Valley Unified School District. He sued Defendants SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT ("District Defendant"), ANN DODSON and CONNIE KNANACHET (collectively "Individual Defendants") based on the following allegations:

1) violated his right to be placed in his neighborhood school along with his non-disabled peers, with supports and services;

2) isolated him from his community by rumor, innuendo and unfounded suspicion by excluding him from a school-wide program, called Peacemakers; and

3) treated him differently than his non-disabled peers by failing to develop a plan that ameliorated the impact on his education of his presenting behaviors – which set Plaintiff apart from his peers at school.

Based on these allegations, Plaintiff sued Defendants for seven claims for relief: 1) Violation of 42 U.S.C. §1983 against the District Defendant; 2) Violation of Section 504 of the Rehabilitation Act against all Defendants; 3) Violation of the Americans with Disabilities Act against the District Defendant; 4) Violation of California's Unruh Act against all Defendants; 5) Violation of California Government Code §11135 against the District Defendant; 6) Negligence against all Defendants; and 7) Intentional Infliction of Emotional Distress against all Defendants.

At the same time that Plaintiff filed the instant action, he filed a request for due process before the Office of Administrative Hearings ("OAH") also alleging that the District had denied him a free and appropriate education pursuant to the Individuals with Disabilities Act and related state law. This case was assigned an OAH case number of 22011081023. The OAH Complaint includes allegations regarding the Defendants alleged failure to properly accommodate Plaintiff's disabilities, place him in his neighborhood school with his non-disabled peers and develop an appropriate educational placement. A comparison of the two complaint shows that the issues before this Court and the OAH overlap significantly; however the remedies sought in the federal court action exceed the remedies available under the IDEA.

Defendants filed a Motion to Dismiss all claims on October 13, 2011. Prior to the hearing on this Motion, the parties participated in a mediation in the OAH proceeding on December 21, 2011. At this mediation, the parties reached a tentative settlement to globally resolve both the above captioned federal action and the OAH proceeding. The parties have since then agreed on a formal settlement agreement, which has been signed on behalf of Plaintiff and was approved by the Board of the San Ramon Valley Unified School District on May 22, 2012. One of the terms of the settlement agreement is that the parties would jointly file a stipulated request for court approval of this settlement as it releases the claims of a minor.

The substance of the settlement provides Plaintiff with an educational plan through the 2013 extended school year. In summary, the District agreed to provide Plaintiff the following services and include them in his Individual Education Plan:

1) pay for Plaintiff to continue to attend a non-public school through the end of the 2013 extended school year at a cost to the District of at least $91,000.00;

2) pay up to $3500 worth of additional occupational therapy services;

3) pay up to $2400 for academic tutoring;

4) pay up to $395 per week for up to six total weeks of science camp during the summers of 2011, 2012, and 2013;

5) pay up to $22,800 in educational expenses incurred for Plaintiff between August 25, 2009 and June 30, 2013 and/or attorneys fees related to these matters;

6) provide free transportation for Plaintiff to and from his non-public school;

7) provide three hours of training by an outside agency to the certificated staff at Plaintiff's neighborhood school regarding inclusive education; and

8) expunge a psychological evaluation from Plaintiff's files kept by the District.

In exchange for this consideration, Plaintiff's parent/guardian ad litem, K McK, agreed to dismiss both this lawsuit and the OAH proceeding and to waive and release on behalf of Plaintiff any and all claims that were or could have been asserted in the OAH proceeding or in this federal action.

The Court has reviewed these terms and determined that the services provided to

Plaintiff at the District's expense and the amounts included to compensate Plaintiffs for past compensatory educational expenses are fair and reasonable and in the best interest of the minor Plaintiffs. "District courts have special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardia ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit recently held, in cases involving the settlement of a minor's federal claims, the district court should "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs and plaintiff's counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

This is a fair and reasonable settlement when all factors are considered. This settlement provides an outlined scope of educational services through the 2013 Extended School Year and provides Plaintiff with additional services outside of the non-public school that the District was initially unwilling to agree to during the IEP process. This settlement also requires the District to provide three hours of outside training to the certificated staff at Plaintiff's neighborhood school, which Plaintiff's parent and guardian ad litem believes will address the issues regarding the rumors and reactions of the staff and community at the neighborhood school complained of in this federal lawsuit. Moreover, Plaintiff's counsel has agreed to only be reimbursed for her services a total of

$3,317 for costs in this case – out of the $22,800 the settlement provides could be used to pay for attorneys fees and costs. As the total services and recovery provided to Plaintiff under the settlement are fair and reasonable, this settlement agreement is in the best interest of Plaintiff.

Plaintiff, by and through his guardian ad litem, understands that if the settlement is approved by the court,

THEREFORE, IT IS HEREBY ORDERED that the Settlement Agreement reached by the parties and fully executed on May 22, 2012 is approved. As such, the minor Plaintiff G McK is forever barred from seeking any recovery of further damages from the San Ramon Valley School District and its board members, employees, successors, agents and representatives, and Connie Khanachet and Ann Dodson, and their respective heirs, spouses, representatives, agents and successors for the incidents for which relief is sought in this above captioned action, even if Plaintiff's injuries may in the future appear to be more serious than they are now.

Dated: June __8__, 2012

_____
CLAUDIA WILKEN
United States District Judge